**OUTTEN & GOLDEN LLP**
Adam T. Klein (AK 3293)
Justin M. Swartz (JS 7989)
Anjana Samant  (AS 5163)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  (212) 245-1000

**ASIAN AMERICAN LEGAL DEFENSE & EDUCATION FUND**
Kenneth Kimerling (KK 5762)
Tushar Sheth (TS 5672)
99 Hudson Street, 12th Floor
New York, New York 10013
Telephone:  (212) 966-5932



06 CV 4270

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID MOHNEY, SOLVIE KARLSTROM, BENJAMIN MCGROARTY, and CHRISTEL FERGUSON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>SHELLY'S PRIME STEAK, STONE CRAB & OYSTER BAR a/k/a SHELLY'S NEW YORK a/k/a SHELLY'S NEW YORK STEAKHOUSE AND OYSTER BAR; THE FIREMAN GROUP CAFÉ CONCEPTS, INC. a/k/a THE FIREMAN HOSPITALITY GROUP; SHELDON FIREMAN; KEVIN ROBINSON; MICHAEL CHIN; and MICHAEL WELSH,<br><br>Defendants. | CLASS ACTION COMPLAINT<br><br>Jury Trial Demanded |

Plaintiffs David Mohney ("Mohney"), Solvie  Karlstrom (" Karlstrom"),

Benjamin McGroarty ("McGroarty"), and Christel Ferguson ("Ferguson"),  (collectively

"Plaintiffs"), individually and on behalf of all others similarly situated, as class

representatives, upon personal knowledge as to themselves and upon information and

1

belief as to other matters, allege as follows:

## NATURE OF THE ACTION

1.      This case is about an upscale midtown Manhattan restaurant, Shelly's Prime Steak, Stone Crab & Oyster Bar ("Shelly's") that denies its workers minimum wage and overtime compensation and unlawfully confiscates their hard-earned tips in order to supplement managers' salaries.

2.      Shelly's is an institution in Manhattan, frequented by thousands of tourists and local residents each year. It is the cornerstone of The Fireman Group Café Concepts, Inc. ("The Fireman Group"), a dining empire owned by renowned New York restaurateur, Defendant Sheldon Fireman.

3.      In addition to Shelly's, The Fireman Group and Defendant Fireman, own and operate numerous other popular Manhattan restaurants, including Bond 45, Café Fiorello, Redeye Grill, Trattoria Dell'Arte, and Brooklyn Diner. On its website, the Fireman Group claims to be "obsessive about hospitality." But, this "hospitality" is delivered by workers whom it routinely subjects to policies and practices that violate federal and state wage and hour laws.

4.      At Shelly's, pursuant to company policy, Defendants routinely take a portion of the tips earned by servers, bussers, bartenders, and runners, and redistribute them to restaurant managers. Defendants take another part of the workers' tips and apply it to the fees that credit card companies charge the restaurant. Both of these policies, as applied to the Shelly's workers, violate the Fair Labor Standards Act and the New York Labor Law. This lawsuit seeks to recover the misappropriated tips and return them to the workers who earned them.

2

5.    Defendants also routinely fail to pay Shelly's the statutory minimum wage for all hours worked, and fail to pay them proper overtime rate for all hours worked in excess of 40 hours per week. This lawsuit seeks to force Defendants to pay the Shelly's workers all of the wages they earned, as the law requires.

6.    Upon information and belief, Shelly's is not the only Fireman Group restaurant at which the workers are shortchanged. Another Fireman Group restaurant, Redeye Grill, is a Defendant in a similar action, *Arroyo et al. v. Redeye Grill, LP et al.*, No. 01-00381 (PAC), filed in this Court on January 18, 2006. Upon information and belief, it is the Fireman Group's company-wide policy and pattern or practice to misappropriate tips and fail to pay workers according to federal and state wage and hour laws.

7.    Plaintiffs bring this action on behalf of themselves and similarly situated current and former employees of Shelly's who elect to opt-into this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and specifically the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendants, that have deprived Plaintiffs and others similarly situated of their lawful earned wages.

8.    Plaintiffs also bring this action on behalf of themselves and all similarly situated current and former employees of Shelly's, pursuant to Federal Rule of Civil Procedure 23, to remedy violations of the New York Labor Law ("NYLL") Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations.

3

## THE PARTIES

### Plaintiffs

### David Mohney

9.     Plainitff Mohney is an adult individual who is a resident of Ne w York, New York.

10.     Mohney was employed by Shelly's as a server from approximately September 2001 through approximately May 2004.

11.     Mohney has consented in writing to be a party to the FLSA claims in this action pursuant to 29 U.S.C. § 216(b).

12.     Mohney is a covered employee within the meaning of the FLSA and the NYLL.

### Solvie Karlstrom

13.     Plaintiff Karlstrom is an adult individual who is a resident of New York, New York.

14.     Karlstrom was employed by Shelly's from approximately October 2002 through approximately November 2004.

15.     Karlstrom has consented in writing to be a party to the FLSA claims in this action pursuant to 29 U.S.C. § 216(b).

16.     Karlstrom is a covered employee within the meaning of the FLSA and the NYLL.

### Benjamin McGroarty

17.     Benjamin McGroarty is an adult individual who is a resident of Los Angeles, California.

18. McGroarty was employed by Shelly's as a server from approximately July 2001 through approximately December 2005.

19. McGroarty has consented in writing to be a party to the FLSA claims in this action pursuant to 29 U.S.C. § 216(b).

20. McGroarty is a covered employee within the meaning of the FLSA and the New York Labor Law.

**Christel Ferguson**

21. Christel Ferguson is an adult individual who is a resident of Queens, New York.

22. Ferguson was employed by Shelly's as a server from approximately September 2002 through approximately February 2004.

23. Ferguson is a covered employee within the meaning of the FLSA and the NYLL.

**Defendants**

24. Shelly's Prime Steak, Stone Crab & Oyster Bar, The Fireman Group Café Concepts, Inc., Sheldon Fireman, Kevin Robinson, Michael Chin, and Michael Welsh (collectively "Defendants"), jointly employed Plaintiffs and similarly situated employees at all times relevant.

**Shelly's Prime Steak, Stone Crab & Oyster Bar**

25. Shelly's Prime Steak, Stone Crab & Oyster Bar is a restaurant formerly located at 104 W. 57th Street, New York, New York and now located at 41 West 57th Street, New York, New York.

26. Shelly's is also known as Shelly's New York Steakhouse and Oyster Bar and

as Shelly's New York.

27.    The Shelly's is a covered employer within the meaning of the FLSA and the NYLL and at all times relevant, employed Plaintiffs and/or jointly employed Plaintiffs and similarly situated employees.

28.    At all times relevant, Shelly's annual gross volume of sales made or business done was not less than $500,000.

**The Fireman Group Café Concepts, Inc.**

29.    The Fireman Group Café Concepts, Inc. is a corporation organized and existing under the laws of the State of New York with its principal executive office at 888 Seventh Avenue, Suite 203, New York, New York.

30.    At all times relevant, The Fireman Group Café Concepts, Inc. operated Shelly's and did business as Shelly's.

31.    The Fireman Group Café Concepts, Inc. is also known as The Fireman Hospitality Group and does business as The Fireman Hospitality Group.

32.    At all times relevant, The Fireman Group Café Concepts, Inc. maintained control, oversight, and direction over the operation of Shelly's, including its employment practices.

33.    The Fireman Group is a covered employer within the meaning of the FLSA and the NYLL and at all times relevant, employed Plaintiffs and/or jointly employed Plaintiffs.

34.    At all times relevant, The Fireman Group's annual gross volume of sales made or business done was not less than $500,000.

**Sheldon Fireman**

35.    Upon information and belief, at all times relevant, Sheldon Fireman ("Fireman") has been the Chief Executive Officer of The Fireman Group and an owner and/or partner of Shelly's.

36.    Upon information and belief, at all times relevant, Fireman has had the power to hire and fire employees, including Plaintiffs, set their wages, retain time and/or wage records, and otherwise control the terms and conditions of their employment. Upon information and belief, at all times relevant, Fireman has also had the power to stop any illegal pay practices that harmed Plaintiffs.

37.    Fireman is a covered employer within the meaning of the FLSA and the NYLL and at all times relevant, employed Plaintiffs and/or jointly employed Plaintiffs.

38.    Fireman is an agent of Shelly's and The Fireman Group.

**Kevin Robinson**

39.    Upon information and belief, at all times relevant, Defendant Kevin Robinson ("Robinson") has been the Chief Financial Officer of The Fireman Group.

40.    Upon information and belief, at all times relevant, Robinson has had the power to hire and fire employees, including Plaintiffs, set their wages, retain time and/or wage records, and otherwise control the terms and conditions of their employment. Upon information and belief, at all times relevant, Robinson has also had the power to stop any illegal pay practices that harmed Plaintiffs.

41.    Robinson is a covered employer within the meaning of the FLSA and the NYLL and at all times relevant, employed Plaintiffs and/or jointly employed Plaintiffs.

42.    Robinson is an agent of Shelly's and The Fireman Group.

7

**Michael Chin**

43.    Upon information and belief, at all times relevant, Defendant Michael Chin ("Chin") has been the Vice President of Operations of The Fireman Group.

44.    Upon information and belief, at all times relevant, Chin has had the power to hire and fire employees, including Plaintiffs, set their wages, retain time and/or wage records, and otherwise control the terms and conditions of their employment. Upon information and belief, at all times relevant, Chin has also had the power to stop any illegal pay practices that harmed Plaintiffs.

45.    Chin is a covered employer within the meaning of the FLSA and the NYLL and at all times relevant, employed Plaintiffs and/or jointly employed Plaintiffs.

46.    Chin is an agent of Shelly's and The Fireman Group.

**Michael Welsh**

47.    Upon information and belief, at all times relevant, Defendant Michael Welsh ("Welsh") has been the General Manager of Shelly's.

48.    Upon information and belief, at all times relevant, Welsh has had the power to hire and fire employees, including Plaintiffs, set their wages, retain time and/or wage records, and otherwise control the terms and conditions of their employment. Upon information and belief, at all times relevant, Welsh has also had the power to stop any illegal pay practices that harmed Plaintiffs.

49.    Welsh is a covered employer within the meaning of the FLSA and the NYLL and at all times relevant, employed Plaintiffs and/or jointly employed Plaintiffs Welsh is an agent of Shelly's and The Fireman Group.

8

## JURISDICTION AND VENUE

50.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §§ 1332 and 1367.

51.     This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

52.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

53.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391.

## CLASS ACTION ALLEGATIONS

54.     Plaintiffs bring the Second, Fourth, Fifth, and Sixth Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of persons consisting of

> all persons who have worked as servers, runners, bussers, and bartenders at Shelly's between June 7, 2000 and the date of final judgment in this matter

(the "Rule 23 Class").

55.     Excluded from the Rule 23 Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Shelly's or The Fireman Group; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper

9

requests for exclusion from the Rule 23 Class.

56.     The employees in the Rule 23 Class are so numerous that joinder of all members is impracticable.

57.     Upon information and belief, the size of the Rule 23 Class is at least 100 people. Although the precise number of such employees is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants.

58.     Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

59.     Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

(a) whether Defendants violated NYLL Article 6, §§ 190 *et seq.,* and Article 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Parts 137, as alleged herein;

(b) whether Defendants failed to pay Plaintiffs and the Rule 23 Class the applicable minimum wage under the NYLL;

(c) whether Defendants misappropriated tips from Plaitnifffs and the Rule 23 Class;

(d) whether Defendants failed to pay Plaintiffs and the Class the applicable minimum wage under NYLL;

(e) whether Defendants' tip pooling scheme was created through the mutual agreement of Plaintiffs and the Rule 23 Class;

(f) whether Defendants made unlawful deductions from the wages of Plaintiffs and the Rule 23 Class by charging Plaintiffs and the Rule 23 Class for fees charged to Shelly's by credit card companies, for customers who leave but fail to pay for their food and/or drinks, for breakages or spoilages, and for uniform-related expenses;

10

(g) whether Defendants correctly calculated and compensated Plaintiffs and the Rule 23 Class for hours worked in excess of 40 per workweek;

(h) whether Defendants failed to provide Plaintiffs and the Rule 23 Class spread-of-hours compensation as required by the NYLL;

(i) whether Defendants failed to provide Plaintiffs and the Rule 23 Class call-in or show up pay as required by the NYLL;

(j) whether Defendants failed to keep true and accurate time and pay records for all hours worked by its employees, and other records required by the NYLL;

(k) whether Defendants failed to comply with the posting and notice requirements of the NYLL;

(l) whether Defendants failed to furnish Plaintiffs and the Class with an accurate statement of wages, hours worked, rates paid, gross wages, and the claimed tip allowance as required by the NYLL;

(m) whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

(n) the nature and extent of class-wide injury and the measure of damages for those injuries.

60.    The claims of Plaintiffs are typical of the claims of the Rule 23 Class they seek to represent. Plaintiffs and all the Rule 23 Class members work or have worked for Defendant as hourly food service employees at Shelly's. Plaintiffs and the Rule 23 Class members enjoy the same statutory rights under the New York Labor Law to be paid for all hours worked, to be paid minimum and overtime wages, and to keep the tips they earn. Plaintiffs and Rule 23 Class members have all sustained similar types of damages as a result of Defendants' failure to comply with the New York Labor Law. Plaintiffs and the Rule 23 Class members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns.

11

61.    Plaintiffs will fairly and adequately represent and protect the interests of the Rule 23 Class members. Plaintiffs have retained counsel competent and experienced in complex class actions and employment litigation. There is no conflict between the Plaintiffs and the Rule 23 Class members.

62.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' violation of the New York Labor Law as well as its common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. Individual plaintiffs lack the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

63.    This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## COLLECTIVE ACTION ALLEGATIONS

64.    Plaintiffs bring the First and Third Causes of Action, FLSA claims, on behalf of themselves and all similarly situated persons who have worked at Shelly's as servers, runners, bussers, and bartenders who elect to opt-in to this action (the "FLSA Collective").

12

65.     Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs.  Upon information and belief, there are many similarly situated current and former employees of Shelly's who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit.  Those similarly situated employees are known to Shelly's, are readily identifiable, and can be located through Shelly's records.  Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. §216(b).

## CLASS-WIDE FACTUAL ALLEGATIONS

66.     Plaintiffs and the members of the Rule 23 Class and the FLSA Collective (collectively "Class Members") have been victims of Defendants' common policy and plan perpetrated by Defendants that has violated their rights under the FLSA and the NYLL by denying them minimum wage, overtime compensation, tips that they earned, and other wages.  At all times, Defendants' policy and pattern or practice has been willful.

67.     As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly harmed Plaintiffs and the Class Members by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL as described in this Class Action Complaint.  This policy and pattern or practice includes, but is not limited to the following:

      a.     denying Plaintiffs and Class Members tips that they earned;

      b.     redistributing portions of the tips earned by Plaintiffs and Class Members to employees not entitled to tips under the FLSA or the NYLL;

13

c.      failing to keep accurate and adequate records of wages paid to Plaintiffs and Class Members, deductions taken from their wages, allowances or other credits taken by Defendants, and hours worked by Plaintiffs and Class Members as required by the FLSA and the NYLL;

d.      failing to comply with the posting and/or notice requirements of the FLSA and the NYLL;

e.      failing to pay Plaintiffs and Class Members at least at the applicable minimum hourly wage rate under the FLSA and the NYLL for all hours worked;

f.      failing to pay Plaintiffs and Class Members proper overtime compensation for the hours they worked in excess of 40 hours in a workweek;

g.      making unlawful deductions from the wages of Plaintiffs and the Class Members, including but not limited to deductions for uniform-related expenses, credit card fees, walk-outs, and spillage and breakage;

h.      failing to pay Plaintiffs and Class Members split shift compensation  that they earned;

i.      failing to pay Plaintiffs and Class Members call-in pay that they earned; and

j.      failing to pay Plaintiffs and Class Members spread of hours compensation that they earned.

68.     Upon information and belief, Defendants' unlawful conduct described in this Complaint has been pursuant to a corporate policy or practice of minimizing labor costs and denying employees' compensation by knowingly violating the FLSA and NYLL.

14

69.    Defendants' unlawful conduct has been widespread, repeated, and consistent. Upon information and belief, Defendants' policies and practices described in this Class Action Complaint have been centrally promulgated and uniform throughout the Fireman Group restaurants.

70.    Defendants' unlawful conduct, as set forth in this Class Action Complaint, has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiff and the Class Members.

71.    Defendants' deceptive conduct prevented Plaintiffs and the Class Members from discovering or asserting their claims any earlier than they did.

## PLAINTIFFS' FACTUAL ALLEGATIONS

72.    Consistent with their policies and patterns or practices as described herein, Defendants harmed each Plaintiff individually as follows:

**David Mohney**

73.    Defendants did not pay Mohney the proper minimum wage for all of the time that he was suffered or permitted to work each workweek.

74.    Defendants did not inform Mohney of the tipped minimum wage or tip credit provisions of the FLSA or the NYLL.

75.    Defendants did not allow Mohney to retain all the tips he received.

76.    Defendants unlawfully demanded, retained, or received portions of the tips that Mohney earned.

77.    Defendants unlawfully redistributed part of Mohney's wages to employees in positions that do not customarily and regularly receive tips.

15

78. Defendants imposed upon Mohney a tip redistribution or sharing scheme to which he had never agreed and regarding which he had never been consulted.

79. Defendants did not pay Mohney proper overtime compensation for all of the time that he was suffered or permitted to work in excess of 40 hours per workweek.

80. Defendants did not keep accurate records of wages or tips earned, or of hours worked by Mohney.

81. Defendants made unlawful deductions for credit card service fees or charges from the tips earned by Mohney each workweek.

82. Defendants did not compensate Mohney for the purchase, cleaning, care, and maintenance of the uniforms they required Mohney to wear while working at Shelly's.

83. Defendants did not pay Mohney spread-of hours pay for shifts he worked of 10 hours or more.

84. Defendants did not pay Mohney call-in pay for days when he worked at Shelly's for less than four hours.

85. Defendants did not pay Mohney split-shift pay when he worked at Shelly's with more than an hour between shifts.

**Solvie Karlstrom**

86. Defendants did not pay Karlstrom the proper minimum wage for all of the time that she was suffered or permitted to work each workweek.

87. Defendants did not inform Karlstrom of the tipped minimum wage or tip credit provisions of the FLSA or the NYLL.

88. Defendants did not allow Karlstrom to retain all the tips she received.

16

89.    Defendants unlawfully demanded, retained, or received portions of the tips that Karlstrom earned.

90.    Defendants unlawfully redistributed part of Karlstrom's wages to employees in positions that do not customarily and regularly receive tips.

91.    Defendants imposed upon Karlstrom a tip redistribution or sharing scheme to which she had never agreed and regarding which she had never been consulted.

92.    Defendants did not pay Karlstrom proper overtime compensation for all of the time that she was suffered or permitted to work in excess of 40 hours per workweek.

93.    Defendants did not keep accurate records of wages or tips earned, or of hours worked by Karlstrom.

94.    Defendants made unlawful deductions for credit card service fees or charges from the tips earned by Karlstrom each workweek.

95.    Defendants did not compensate Karlstrom for the purchase, cleaning, care, and maintenance of the uniforms they required Karlstrom to wear while working at Shelly's.

96.    Defendants did not pay Karlstrom spread-of hours pay for shifts he worked of 10 hours or more.

97.    Defendants did not pay Karlstrom call-in pay for days when she worked at Shelly's for less than four hours.

98.    Defendants did not pay Karlstrom split-shift pay when she worked at Shelly's with more than an hour between shifts.

Benjamin McGroarty

17

99. Defendants did not pay McGroarty the proper minimum wage for all of the time that he was suffered or permitted to work each workweek.

100. Defendants did not inform McGroarty of the tipped minimum wage or tip credit provisions of the FLSA or the NYLL.

101. Defendants did not allow McGroarty to retain all the tips he received.

102. Defendants unlawfully demanded, retained, or received portions of the tips that McGroarty earned.

103. Defendants unlawfully redistributed part of McGroarty's wages to employees in positions that do not customarily and regularly receive tips.

104. Defendants imposed upon McGroarty a tip redistribution or sharing scheme to which he had never agreed and regarding which he had never been consulted.

105. Defendants did not keep accurate records of wages or tips earned, or of hours worked by McGroarty.

106. Defendants made unlawful deductions for credit card service fees or charges from the tips earned by McGroarty each workweek.

107. Defendants did not compensate McGroarty for the purchase, cleaning, care, and maintenance of the uniforms they required McGroarty to wear while working at Shelly's.

108. Defendants did not pay McGroarty spread-of hours pay for shifts he worked of 10 hours or more.

109. Defendants did not pay McGroarty call-in pay for days when he worked at Shelly's for less than four hours.

18

110.    Defendants did not pay McGroarty split-shift pay when he worked at Shelly's with more than an hour between shifts.

**Christel Ferguson**

111.    Consistent with their policy and pattern or practice, Defendants did not pay Ferguson the proper minimum wage for all of the time that she was suffered or permitted to work each workweek.

112.    Consistent with their policy and pattern or practice, Defendants did not inform Ferguson of the tipped minimum wage or tip credit provisions of the FLSA or the NYLL.

113.    Consistent with their policy and pattern or practice, Defendants did not allow Ferguson to retain all the tips she received.

114.    Consistent with their policy and pattern or practice, Defendants unlawfully demanded, retained, or received portions of the tips that Ferguson earned.

115.    Consistent with their policy and pattern or practice, Defendants unlawfully redistributed part of Ferguson's wages to employees in positions that do not customarily and regularly receive tips.

116.    Consistent with their policy and pattern or practice, Defendants imposed upon Ferguson a tip redistribution or sharing scheme to which she had never agreed and regarding which she had never been consulted.

117.    Consistent with their policy and pattern or practice, Defendants did not keep accurate records of wages or tips earned, or of hours worked by Ferguson.

118.    Consistent with their policy and pattern or practice, Defendants made unlawful deductions for credit card service fees or charges from the tips earned by Ferguson each workweek.

19

119.    Consistent with their policy and pattern or practice, Defendants did not compensate Ferguson for the purchase, cleaning, care, and maintenance of the uniforms they required Ferguson to wear while working at Shelly's.

120.    Defendants did not pay Ferguson spread-of hours pay for shifts he worked of 10 hours or more.

121.    Defendants did not pay Ferguson call-in pay for days when she worked at Shelly's for less than four hours.

122.    Defendants did not pay Ferguson split-shift pay when she worked at Shelly's with more than an hour between shifts.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Minimum Wages
### (Brought on behalf of Plaintiffs and the FLSA Collective)

123.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

124.    Defendants failed to pay Plaintiffs and the Class Members the minimum wages to which they are entitled under the FLSA.

125.    Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Class Action Complaint.

126.    At all times relevant, Plaintiffs and the Class Members were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m) and 206(a).

127.    At all times relevant, Plaintiffs and the Class Members were or have been employees within the meaning of 29 U.S.C. §§ 203(e), (m) and 206(a).

128.    At all times relevant, Defendants have been employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

129.    Defendants were required to pay directly to Plaintiffs and the Class Members the applicable federal minimum wage rate of at least $5.15 per hour for all hours worked.

130.    Defendants were not eligible to avail themselves of the federal tipped minimum wage rate. To avail themselves of the federal tipped minimum wage rate under the FLSA, 29 U.S.C. § 203(m), and supporting federal regulations, including but not limited to 29 C.F.R. § 531.50, *et seq.*, Defendants were required to inform Plaintiffs and the Class Members of the provisions of subsection 503(m) of the FLSA, 29 U.S.C. § 203(m), and to allow such employees to retain all tips they received.

131.    Defendants failed to inform Plaintiffs and the Class Members of the provisions of subsection 503(m) of the FLSA, 29 U.S.C. § 203(m).

132.    Defendants did not permit Plaintiffs and the Class Members to retain all tips they received, in violation of the FLSA, 29 U.S.C. § 203(m).

133.    Defendants engaged in unlawful tip pooling practices.

134.    Plaintiffs the Class Members did not mutually agree to Defendants' tip pooling practices, in violation of the FLSA, 29 U.S.C. § 203(m) and supporting federal regulations, including but not limited to 29 C.F.R. § 531.34.

135.    Defendants did not permit Plaintiffs and the members of the FLSA Collective to retain all tips they received.

21

136.    Defendants unlawfully redistributed portions of the tips received by Plaintiffs and the Class Members to employees in positions that do not customarily and regularly receive tips, in violation of the FLSA, 29 U.S.C. § 203(m) and supporting regulations.

137.    Defendants failed to pay Plaintiffs and the Class Members enough to satisfy the tipped minimum wage as set forth in the FLSA, 29 U.S.C. § 203(m) because the actual amount of tips received by Plaintiffs and the Class Members was less than the amount Defendants used as a tip credit, in violation of the FLSA, 29 U.S.C. § 203(m) and supporting federal regulations, including but not limited to 29 C.F.R. §§ 531.50, 531.59.

138.    Defendants failed to post and keep posted in a conspicuous place on the premises of Shelly's a notice explaining the FLSA, as prescribed by the Wage and Hour Division of the U.S. Department of Labor, in violation of the FLSA, 29 U.S.C. § 203(m) and supporting federal regulations, including but not limited to 29 C.F.R. § 516.4

139.    As a result of Defendants' violations of the FLSA, Plaintiffs the Class Members have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

140.    Defendants' unlawful conduct, as described in this Class Action Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Class Action Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the FLSA Collective. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

22

## SECOND CAUSE OF ACTION
### New York Labor Law Article 19 – Minimum Wages
### (Brought on behalf of Plaintiffs and the members of the Rule 23 Class)

141.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

142.    Defendants failed to pay Plaintiffs and the Class Members the minimum wages to which they are entitled under the NYLL.

143.    Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Class Action Complaint.

144.    At all times relevant, Plaintiffs and the Class Members have been employees and Defendants have been employers within the meaning of the NYLL §§ 190, 651(5), 652 and supporting New York State Department of Labor Regulations.

145.    The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants and protect the Plaintiffs and the Class Members.

146.    Defendants were required to pay Plaintiffs and the Class Members a minimum wage at a rate of (a) $5.15 per hour for all hours worked from June 6, 2000 through December 31, 2004, (b) $6.00 per hour for all hours worked from January 1, 2005 through December 31, 2005, and (c) $6.75 per hour for all hours worked from January 1, 2006 through the present time under the NYLL §652 and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. §137-1.2.

147.    Defendants failed to pay the Plaintiffs Class Members the minimum hourly wages to which they are entitled under the NYLL and the supporting New York State

23

Department of Labor Regulations.

148.    By Defendants' knowing or intentional failure to pay the Plaintiffs and the members of the Rule 23 Class minimum hourly wages, they have willfully violated the NYLL 19, §§ 650 et seq. and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. §137-1.2.

149.    Defendants were not allowed to avail themselves of the NYLL tipped minimum wage. (From June 6, 2000, through December 31, 2004: a rate of at least $3.30 per hour for all hours worked; from January 1, 2005 through December 31, 2005, a rate of at least $3.85 per hour for all hours worked; and from January 1, 2006 through the present, at least $4.35 per hour for all hours – provided that the tips of each individual, when added to such cash wage, equaled or exceeded the full minimum wage under the NYLL and supporting New York State Department of Labor Regulations including but not limited to the regulations in 12 N.Y.C.R.R. § 137-1.5.

150.    Defendants failed to pay Plaintiffs and the Class Members even the tipped minimum wage.

151.    Defendants failed to post, in a conspicuous place in Shelly's a notice issued by the New York State Department of Labor summarizing minimum wage provisions, in violation of the NYLL and supporting New York State Department of Labor Regulations including but not limited to the regulations in 12 N.Y.C.R.R. § 137-2.3.

152.    Defendants failed to furnish Plaintiffs and the Class Members a statement with every payment of wages listing hours worked, rates paid, gross wages, and the tip allowance claimed as part of their minimum hourly wage rate, in violation of the NYLL

24

and supporting New York State Department of Labor Regulations including but not limited to the regulations in 12 N.Y.C.R.R. § 137-2.2.

153.    By Defendants' knowing or intentional failure to pay the Plaintiffs and the members of the Rule 23 Class minimum hourly wages, they have willfully violated the NYLL Article 19, §§ 650 *et seq.* and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 137.

154.    Due to Defendants' violations of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## THIRD CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages
### (Brought on behalf of Plaintiffs and the FLSA Collective)

155.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

156.    The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 210 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiffs and the Class Members.

157.    Defendants have failed to pay Plaintiffs and the members of the FLSA Collective the overtime wages for hours that they worked in excess of 40 hours in a workweek.

158.    As a result of Defendants' unlawful acts, Plaintiffs and the FLSA Collective have been deprived of overtime compensation and other wages in amounts to be

determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

## FOURTH CAUSE OF ACTION
### New York Labor Law Article 19 – Unpaid Overtime
### (Brought on behalf of Plaintiffs and the members of the Rule 23 Class)

159.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

160.    The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants and protect Plaintiffs and the Class Members.

161.    Defendants have failed to pay Plaintiffs and the Class Members the overtime wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

162.    By Defendants' knowing or intentional failure to pay Plaintiffs and the members of the Rule 23 Class overtime wages for hours worked in excess of 40 hours per week, it has willfully violated the NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

163.    Due to Defendants' violations of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid overtime wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

26

## FIFTH CAUSE OF ACTION
### New York Labor Law - Spread-of-Hours Pay
**(Brought on behalf of Plaintiffs and the members of the Rule 23 Class)**

164.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

165.    Defendants have willfully failed to pay Plaintiffs and the Class Members additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which they worked more than 10 hours.

166.    By Defendants' failure to pay and the Class Members spread-of-hours pay, Defendants have willfully violated the NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including but not limited to 12 N.Y.C.R.R. §§ 137-1.7, 3.10.

## SIXTH CAUSE OF ACTION
### New York Labor Law – Unlawful Wage Deductions
**(Brought on behalf of Plaintiffs and the members of the Rule 23 Class)**

167.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

168.    At all times relevant, Plaintiffs and the Class Members have been employees within the meaning of the NYLL §§ 190, *et seq.*, and supporting New York State Department of Labor Regulations.

169.    At all times relevant, Defendants have been employers within the meaning of the NYLL §§ 190, *et seq.*, and supporting New York State Department of Labor Regulations.

170.    At all times relevant, Sheldon Fireman, Kevin Robinson, Michael Chin, and Michael Welsh have been agents and/or officers within the meaning of the NYLL § 196-

27

d and supporting New York State Department of Labor Regulations.

171.    The wage payment provisions of Article 6 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants and protect the Plaintiffs and the Class Members.

172.    Defendants unlawfully demanded or accepted, directly or indirectly, part of the gratuities received by Plaintiffs and the Class Members in violation of NYLL § 196-d and supporting New York State Department of Labor Regulations.

173.    Defendants unlawfully retained part of the gratuities received by Plaintiffs and the Class Members in violation of NYLL § 196-d and supporting New York State Department of Labor Regulations.

174.    Defendants redistributed and/or shared part of the gratuities received by Plaintiffs and the members of the FLSA Collective with employees other than waiters, servers, busboys, or similar employees, in violation of NYLL § 196-d and supporting New York State Department of Labor Regulations.

175.    By Defendants' knowing or intentional demand for, acceptance of, and/or retention of part of the gratuities received by Plaintiffs Class Members, Defendants have willfully violated the NYLL Article 6, § 196-d and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. § 137-2.5.

176.    Defendants also made unlawful deductions from the wages of servers and bartenders and failed to pay them the full amount of their wages as a result of deductions for credit card fees, unpaid checks, breakage and spillage, and uniform-related expenses in violation of NYLL Article 6, § 193.

28

177.    Defendants have required servers and bartenders to pay for customer walk-outs, breakages or spoilages, in violation of the prohibition against unauthorized deductions under the NYLL Article 6, § 193 and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. § 137-2.5.

178.    Due to Defendants' violations of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

179.    Plaintiffs do not seek liquidated damages under the NYLL.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, pray for the following relief:

A.    That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendants as hourly food service employees at Shelly's. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.    Unpaid wages and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

29

C.       Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D.       Designation of Plaintiffs as representatives of the Rule 23 Classes, and counsel of record as Class Counsel;

E.       Issuance of a declaratory judgment that the practices complained of in this Class Action Complaint are unlawful under NYLL Article 6, §§ 190 *et seq.* and NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations;

F.       Unpaid overtime pay pursuant to NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations (Plaintiffs do not seek liquidated damages under the NYLL on behalf of the Rule 23 Class);

G.       Unpaid regular wages at the agreed rate pursuant to NYLL Article 6, §§ 190 *et seq,,* and the supporting New York State Department of Labor regulations (Plaintiffs do not seek liquidated damages under the NYLL on behalf of the Rule 23 Class);

H.       Pre-judgment interest and post-judgment interest;

I.       An injunction requiring Defendant to pay all statutorily required wages pursuant to the NYLL;

J.       Reasonable attorneys' fees and costs of the action; and

K.       Such other relief as this Court shall deem just and proper.

30

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand

a trial by jury on all questions of fact raised by the Complaint.

Dated:        New York, New York
              June 6, 2006

Respectfully submitted,
**OUTTEN & GOLDEN LLP**
By:

Justin M. Swartz (JS 7989)

**OUTTEN & GOLDEN LLP**
Adam T. Klein (AK 3293)
Justin M. Swartz (JS 7989)
Anjana Samant  (AS 5163)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  (212) 245-1000

**ASIAN AMERICAN LEGAL DEFENSE
& EDUCATION FUND**
Kenneth Kimerling (KK 5762)
Tushar Sheth (TS 5672)
99 Hudson Street, 12th Floor
New York, New York 10013
Telephone:  (212) 966-5932

**Attorneys for Plaintiffs and the Putative Class**

31