OUTTEN & GOLDEN LLP
Adam T. Klein (AK 3293)
Justin M. Swartz (JS 7989)
Linda A. Neilan (LN 4095)
Tara Lai Quinlan (TQ 0717)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  (212) 245-1000

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID MOHNEY, et al.,<br><br>            Plaintiffs,<br><br>   -against-<br><br>SHELLY'S PRIME STEAK, STONE CRAB & OYSTER BAR a/k/a SHELLY'S NEW YORK a/k/a SHELLY'S NEW YORK STEAKHOUSE AND OYSTER BAR, et al.,<br><br>            Defendants. | 06 Civ. 4270 (PAC) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' UNOPPOSED
MOTION FOR SERVICE AWARDS**

1

**I.  INTRODUCTION**

In connection with the Motion for Final Approval of the Class Settlement in the above-captioned action,[1] Plaintiffs respectfully move this Court for service awards for 14 plaintiffs in the amount of $6,000 each.

**II.  FACTUAL BACKGROUND**

Pursuant to the Settlement Agreement and subject to Court approval, in addition to their individualized awards under the allocation formula, David Mohney, Solvie Karlstrom, Benjamin McGroarty, Christel Ferguson, Christopher Ruskis, Jeffrey Baskin, Sekou Luke, Mohammed Mahbubur Rahman, Joglul Islam, Greg Bibens, Helena Liljeblad, William Spaugh, Roy Forlong, and Chantal Georges ("Class Representatives") will each receive an additional payment of $6,000 in recognition of the services they rendered on behalf of the class ("service awards" or "incentive payments").  (Ex. C[2] (Stlmt. Agmt.) ¶ 3.3.)

The Class Representatives have worked tirelessly on behalf of Class Members in this case.  They regularly met with Class Counsel to discuss case strategy, informed Class Members of their right to join the lawsuit, encouraged Class Members to participate in the lawsuit, helped identify and local potential Class Members, attended mediation sessions, answered factual questions for Class Counsel, signed declarations, appeared for depositions, contacted witnesses, produced documents, and generally relayed information to Class Members throughout the three

---

[1] For a detailed account of the factual and procedural background of this case, including settlement negotiations and administration, Class Counsel refers the Court to Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Certification of a Settlement Class, Final Approval of the Class Action Settlement, and Approval of the FLSA Settlement, filed on March 18, 2009.

[2] All exhibits are attached to the Declaration of Justin M. Swartz ("Swartz Dec.") in support of this motion and Plaintiffs' Unopposed Motion For Approval of Attorneys' Fees and Reimbursement of Expenses.

years that this action has been pending.  (Swartz Dec. ¶¶ 151-153.)  The Class Representatives also relayed Class Members' concerns to Class Counsel, and tirelessly advocated on behalf of Class Members' interests**.**  (Swartz Dec. ¶¶ 151-153.)

The Court-approved Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing ("Notice") that was sent to Class Members stated the following regarding service payments:

> Payments to Class Representatives:  If the Court approves such payments, 14 plaintiffs will receive $6,000 each (for a total of $84,000).  These payments are made because these plaintiffs and Class Representatives provided service to the Class by helping Class Counsel to formulate claims, providing declarations, providing deposition testimony, providing documents, and more.  The payments outlined in this paragraph are separate from and in addition to the shares of the settlement fund that these plaintiffs and Class Representatives may be eligible to receive as Class Members.

No Class Member has objected to the service awards.  (Swartz Dec. ¶ 154.)

Although Defendants agreed not to oppose the service awards, (Ex. C (Stlmt. Agmt.) ¶ 3.3; Ex. E (MOU) ¶ 5), they have since reneged on their word and filed a motion challenging these payments.  (Ex. E (Defs.' Resp.) at 3.)  Defendants should be estopped from challenging these payments because they already explicitly agreed to them.

Even if the Court does consider Defendants' challenge, however, it is unfounded.  It stems from their purported "concerns" that the plaintiffs in *Arroyo v. Redeye Grill, L.P.*, No. 06 Civ. 0381, 2006 U.S. Dist. LEXIS 72817 (S.D.N.Y. Sept. 21, 2006) ("*Arroyo*") did not receive service awards.  (Ex. M (Defs.' Resp.) at 3.)  *Arroyo*, however, is inapposite because it was not a class action – it was a group of approximately 50 individual named plaintiffs.  The plaintiffs in *Arroyo* did not work on anybody's behalf but their own.  On the contrary, the Class Representatives here considered the benefits of the Class alongside their own.  Given

3

Defendants' agreement not to challenge service awards and their unfounded concerns, the Court should disregard their challenge in its entirety.

## III. THE CLASS REPRESENTATIVES ARE ENTITLED TO SERVICE AWARDS

In light of their substantial efforts resulting in an excellent settlement on behalf of the Class, the Class Representatives should receive these service awards. "Incentive awards are not uncommon in class action cases and are within the discretion of the court." *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 187 (W.D.N.Y. 2005). In wage and hour class actions, courts consider the following in assessing the reasonableness of service awards:

> the existence of special circumstances including the personal risk (if any) incurred by the plaintiff applicant in becoming and continuing as a litigant, the time and effort expended by the plaintiff in assisting the prosecution of the litigation or in bringing to bear added value (e.g., factual expertise), any other burdens sustained by that plaintiff in lending himself or herself to the prosecution of the claim, and of course, the ultimate recovery.

*Frank*, 228 F.R.D. at 187 (approving an incentive award that represented 10% of the settlement fund in a wage and hour case) (quoting *Roberts v. Texaco, Inc.*, 979 F. Supp. 185, 200 (S.D.N.Y. 1997)).

In *Roberts,* Judge Brieant described the prevailing view on awarding incentive payments in a class action in the Second Circuit:

> In this Circuit, the Courts have, with some frequency, held that a successful Class action plaintiff, may, in addition to his or her allocable share of the ultimate recovery, apply for and, in the discretion of the Court, receive an additional award, termed an incentive award. The guiding standard in determining an incentive award is broadly stated as being the existence of special circumstances including the personal risk (if any) incurred by the plaintiff-applicant in becoming and continuing as a litigant, the time and effort expended by that plaintiff in assisting in the prosecution of the litigation or in bringing to bear added value (e.g., factual expertise), any other burdens sustained by that plaintiff in lending himself or herself to the prosecution of the claims, and, of course, the ultimate recovery.

4

979 F. Supp. at 201 (citations omitted); *accord Fears v. Wilhelmina Model Agency, Inc.,* No. 02-Civ.4911, 2005 U.S. Dist. LEXIS 7961, at **9-10 (S.D.N.Y. May 5, 2005); *RMED International, Inc. v. Sloan's Supermarkets, Inc.*, No. 94 Civ. 5587, 2003 U.S. Dist. LEXIS 8239, at *2 (S.D.N.Y. May 15, 2003).

Courts have frequently awarded incentive payments to employee-plaintiffs in wage and hour class actions. *See, e.g.*, *Gilliam v. Addicts Rehabilitation Ctr. Fund.*, No. 05 Civ. 3452, 2008 U.S. Dist. LEXIS 23016, at **3, 5 (S.D.N.Y. Mar. 24, 2008) (finding that incentive payments to six named plaintiffs for services to class were "reasonable" and "appropriate use of the overall settlement"); *Silberblatt v. Morgan Stanley*, 524 F. Supp. 2d 425, 435 (S.D.N.Y. 2007) ("A class representative who has been exposed to a demonstrable risk of employer retaliation or whose future employability has been impaired may be worthy of receiving an additional payment, less others be dissuaded."); *Velez v. MaJik Cleaning Serv., Inc.*, No. 03 Civ. 8698, 2007 U.S. Dist. LEXIS 46223, at **23-24 (S.D.N.Y. June 22, 2007) (finding that through their service as class representatives, the Plaintiffs "exposed themselves to the prospect of having adverse actions taken against them by their former employer and former co-workers"); *Glass v. UBS Fin. Servs.*, No. C-06-4068, 2007 U.S. Dist. LEXIS 8476, at *5 (N.D. Cal. Jan. 26, 2007) (approving $25,000 "enhancement" to each of four named plaintiffs); *West v. Circle K Stores Inc.,* No. Civ. S-04-0438, 2006 U.S. Dist. LEXIS 76558, at **26-28 (E.D. Cal. Oct. 20, 2006) (approving $15,000 each to two named plaintiffs); *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 188 (W.D.N.Y. 2005) (approving $10,523.37 as incentive payment); *see also* Ruan, *Bringing Sense to Incentives: An Examination of Incentive Payments to Named Plaintiffs in Employment Discrimination Class Actions,* 10 EMP. RTS. & EMP. POL'Y J. 395, 410-11 (Winter 2006) (discussing special risks confronting plaintiffs bringing class actions against employers).

Moreover, courts have awarded incentive payments in amounts far greater than those contemplated here.  Incentive awards ranging from $50,000 to $300,000 have been awarded to class plaintiffs in a variety of contexts, including employment discrimination, antitrust, and consumer fraud suits.  *See, e.g., Wright v. Stern*, 553 F. Supp. 2d 337, 342 (S.D.N.Y. 2008) (approving $50,000 awards to each of 11 named plaintiffs in employment discrimination action); *Roberts*, 979 F. Supp. at 200 (approving $50,000 and $85,000 to two of the named plaintiffs in racial discrimination employment class action); *Iberte Capital Group v. Capwill,* No. 5:99-CV-818, 2007 U.S. Dist. LEXIS 64869, at *15 (N.D. Ohio Aug. 29, 2007) (approving $95,172.47 to class plaintiff); *Beck v. Boeing Co.*, No 00-CV-301P, 2004 U.S. Dist. LEXIS 27622, at *4 (W.D. Wash. Apr. 9, 2004) (approving $100,000 each to twelve plaintiffs); *Ingram v. The Coca-Cola Co.,* 200 F.R.D. 685, 694 (N.D. Ga. 2001) (approving $300,000 each to four plaintiffs); *Van Vranken v. Atlantic Richfield Co.,* 901 F. Supp. 294, 299-300 (N.D. Cal. 1995) (approving $50,000); *Enterprise Energy Corp. v. Columbia Gas Transmission Corp.,* 137 F.R.D. 240, 250 (S.D. Ohio 1991) (approving $50,000 each to six class representatives); *In re Dun Bradstreet Customer Serv. Litig.,* 130 F.R.D. 366, 374 (S.D. Ohio 1990) (approving incentive awards ranging from $35,000 to $55,000).

In this case, the Class Representatives were integral in initiating this class action and made significant contributions to the prosecution of this litigation.  In addition to providing valuable assistance and guidance to Class Counsel, they participated in discovery, settlement negotiations and strategy, and discharged their obligations to the class with diligence and through a substantial commitment of time and energy. (Swartz Dec. ¶ ¶¶ 151-152.)  The $6,000 proposed payments, which represent only 0.5% each (or approximately 2.5% percent total) of the

Settlement Fund, is modest in comparison with those approved by the courts cited above. Accordingly, an incentive award of $6,000 each is amply justified in this case.

Finally, former Deputy Solicitor of the U.S. Department of Labor Judith E. Kramer, whom Plaintiffs hired to opine on the fairness of the settlement allocation formula, wrote:

> In my experience, class representatives are typically allocated a premium payment in recognition of their service to the entire class. I am currently representing an employer in resolving a DOL investigation of the employer's compensation practices. The employer was also the defendant in an FLSA collective action challenging those same practices, and, as part of the court-approved settlement of that collective action, the class representative was awarded an incentive payment for service to the class. Such payments serve as an inducement to plaintiffs to assume the risk of being a named plaintiff. *Cook v. Niedert,* 142 F.3d 1004 (7th Cir. 1998); *Alberto v. GMRI, Inc.*, 2008 WL 4891201 (E.D. Cal. 2008).
>
> The $6,000 award the Parties have agreed to pay each of the named Plaintiffs is within the range of what class representatives have received in the cases with which I am familiar. In the recent case in which I am involved (described above), the class representative received $15,000 in recognition of the fact that she attended mediation sessions and participated in discovery. Similarly, it is my understanding that in the instant case, each of the class representatives attended at least one mediation session, and all participated in discovery.

(Ex. L (Kramer Exp. Rpt.) at 4-5.) Ms. Kramer's expert opinion provides further support for the Class Representatives' requested service payments.

## IV. CONCLUSION

For the reasons set forth above, Class Counsel respectfully requests that the Court grant service awards for the Class Representatives in the amount of $6,000 each.

Dated: March 26, 2009
New York, New York

Respectfully submitted,
**OUTTEN & GOLDEN LLP**
By:

  /s/ Justin M. Swartz
Justin M. Swartz (JS 7989)

**OUTTEN & GOLDEN LLP**
Adam T. Klein (AK 3293)

7

        Justin M. Swartz (JS 7989)
        Linda A. Neilan (LN 4095)
        Tara Lai Quinlan (TQ 0717)
        3 Park Avenue, 29th Floor
        New York, New York 10016
        Telephone: (212) 245-1000