UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 0 8 DEC 2009
```

DAVID MOHNEY, et al.,

        Plaintiffs,

    -against-

SHELLY'S PRIME STEAK, STONE CRAB &
OYSTER BAR a/k/a SHELLY'S NEW YORK
a/k/a SHELLY'S NEW YORK STEAKHOUSE
AND OYSTER BAR, et al.,

        Defendants.

06 Civ. 4270 (PAC)

~~[PROPOSED]~~ ORDER

The Court granted final approval of the $3,265,000 settlement of this class action wage and hour lawsuit on March 31, 2009. After two distributions to the class members, on May 22, 2009 and June 30, 2009, several distributions to class members who returned late claim forms, and the distribution of attorneys' fees and costs, there remains a balance in the settlement fund of $8,858.62. On May 26, 2009, the Court ordered the settlement administrator to distribute the amount remaining in the QSF account to the Class or to a ~ *appropriate* ~~cy pres~~ designee by November 30, 2009.

Based on the arguments and representations in the November 30, 2009 letter from Justin M. Swartz to the Court, and for good cause found, it is hereby ORDERED that:

    1.    The settlement administrator shall stop payment on all outstanding checks on or before December 10, 2009 and close the settlement account on or before December 15, 2009.

    2.    The claims of Erik Combe, Shajada Mamun, Denise Lee, Mohammad Rahman, and Douglas Schneider, and all subsequent claims, having been filed after the filing deadline are denied.

3.    The settlement administrator shall pay the balance remaining in the settlement account to the National Employment Law Project ("NELP") on or before December 14, 2009 ~~under the cy pres doctrine. A cy pres donation is appropriate where,~~ as here, ~~"residual class funds remain after class members were provided with an opportunity to deposit and claim their distribution."~~ *Plotz v. NYAT Maint. Corp.*, No. 98 Civ. 8860, 2006 U.S. Dist. LEXIS 4799, at *6 (S.D.N.Y. Feb. 6, 2006).

~~4.~~    NELP is an appropriate *cy pres* designee in a wage and hour class action. Under the *cy pres* doctrine, the best application of unused settlement ~~funds is to donate them to an organization whose purpose is closely related to the purpose of the lawsuit.~~ *See Superior Beverage Co. v. Owens-Illinois,* ~~827 F. Supp. 477, 479 (N.D. Ill. 1993)~~ (although other applications are permitted, ". . . use of funds for purposes closely related ~~to their origin is still the best cy pres application"). A cy pres remedy allows a fund to be diverted to a related purpose when it can no longer be devoted to the purpose for which it~~ was created. *See Reade-Alvarez v. Eltman, Eltman, & Cooper, P.C.*, No. CV-04-2195, 2006 U.S. Dist. LEXIS 89226, at *22 n.7 (E.D.N.Y. Dec. 11, 2006) (citing *Mirsafihi v. Fleet Mortgage Corp.*, 356 F.3d 187, 184 (7th Cir. 2004)).

5.    NELP's mission, advocating ~~for low wage workers' rights, including restaurant workers' rights, is closely connected to the purpose of the instant lawsuit.~~ Other courts have approved NELP ~~as a cy pres designee in wage and hour cases. See e.g., Plotz, 2006 U.S. Dist. LEXIS 4799, at *6-7~~ (approving $40,000 cy pres donation to NELP).

*has numbered pages*

6.    Class Counsel's ~~recommendation that~~ the remaining settlement funds be *Counsel for defendants join the recommendation. The settlement* ~~donated to NELP, weighs heavily because Class Counsel is in the best position to~~ *agreement contemplates that any remainder funds should be paid over to an* ~~determine the purpose of the lawsuit and to select an organization whose purpose is~~ *appropriate* ~~appropriate~~ *entity for a related use*

2

consistent with it. The distribution preference of class counsel should be entitled to

deference when the proposed *cy pres* recipient is a legitimate and appropriate

organization. *See e.g.*, *Plotz*, 2006 U.S. Dist. LEXIS 4799, at *6-7.

Dated: <u>December 7</u>, 2009
     New York, NY

U.S.D.J.